# In the United States Court of Federal Claims

No. 19-1984C
(Filed: April 18, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **JAMES A. SATCHELL Jr. and VENDONET INC.,** | ) ) ) ) |
| *Plaintiffs,* | ) ) |
| **v.** | ) ) |
| **UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

*James A. Satchell Jr., pro se* plaintiff.

*Joshua I. Miller*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

***BONILLA, Judge.***

Plaintiff *pro se* James A. Satchell Jr., on behalf of himself and VendoNet Inc., filed this action against the United States alleging: patent infringement by various government agencies, including the United States Postal Service (USPS); delays, irregularities, and fraud committed by the United States Patent and Trademark Office (USPTO) in examining VendoNet patents, denying patent term extensions, and listing inaccurate patent information; patent enforcement and licensing interference by the United States Department of Justice (DOJ) in issuing an Office of Legal Counsel (OLC) opinion on the Wire Act, 18 U.S.C. § 1084; and discrimination by the United States against VendoNet as a small, minority-owned business. Plaintiffs seek $80 million in damages.

Pending before the Court are plaintiffs' two motions to further supplement their pleadings pursuant to Rule 15(d) of the Rules of the United States Court of Federal Claims (RCFC),[1] and defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and (b)(6),

---

[1] On October 30, 2020, this Court granted plaintiffs' initial, unopposed RCFC 15(d) motion.

respectively.  For the reasons set forth below, the Court grants plaintiffs' motions to supplement the pleadings and defendant's motion to dismiss.

## BACKGROUND

In the original Complaint, filed on December 26, 2019, plaintiffs allege "VendoNet Inc. has been issued over 100 claims to cover 'internet vending machines/kiosk[s].'"  ECF 1 at 1. The Complaint continues: "USPS has unjustly awarded IBM a[n] $80 million dollar contract [with] knowledge and view of VendoNet's USPTO issued patents," and, further, that other federal (and state) government agencies used VendoNet's patents.  *Id.* at 1-2.  In addition to patent infringement, the Complaint alleges that the USPS discriminated against VendoNet in "avoid[ing] business" with the self-identified small, minority-owned business.  *Id.* at 1. Plaintiffs demand $80 million dollars in relief.  ECF 1-2.

Submissions accompanying the Complaint identify three reissue patents (RE): RE41,543 ('543 patent); RE43,656 ('656 patent); and RE44,791 ('791 patent).  *See* ECF 1-1 at 1-2.  Each of these patents is a reissue based on U.S. Patent No. 5,822,216 ('216 patent).[2]  *See* ECF 7-1 at 12.  All four patents list Mr. Satchell and non-party Johnson A. Asumadu as the co-inventors. *See* ECF 1-1 at 1; ECF 7-1 at 55, 97 ('543 patent); ECF 7-1 at 34, 99 ('656 patent); ECF 7-1 at 77 ('791 patent); ECF 7-1 at 16, 101 ('216 patent).  Relevant here, all four patents were formally assigned to and, thereafter, owned by VendoNet.[3]  *See* ECF 7-1 at 97 ('543 patent); ECF 7-1 at 99 ('656 patent); ECF 7-1 at 77 ('791 patent)[4]; ECF 7-1 at 101 ('216 patent).  By operation of law, all four VendoNet patents expired on August 17, 2015, when the original patent (*i.e.*, the '216 patent) expired.  *Compare* 35 U.S.C. § 154(a)(2) *and* § 251(a) *with* ECF 7-1 at 27 (priority patent application filed August 17, 1995).

On February 10, 2020, with the Court's approval, plaintiffs supplemented their Complaint, asserting:

---

[2] The '791 patent is a divisional of the '656 patent, which is a divisional of the '543 patent, which is a reissue of the '216 patent.  *See* ECF 7-1 at 89 (Cross-Reference to Related Application).  Upon reissuance, the '216 patent was surrendered by operation of law.  35 U.S.C. § 252; 37 C.F.R. § 1.178(a) (2013).

[3] For clarity, the four identified patents will be hereinafter collectively referred to as the "VendoNet patents."

[4] No formal assignment was separately recorded for the '791 patent.  *See* ECF 7-1 at 104; ECF 13 at 3.  Instead, by regulation, as a reissue of the '216 patent, the '791 patent was automatically granted to VendoNet as the current assignee.  37 C.F.R. § 1.172 (2013); *see* ECF 7-1 at 77.  Moreover, as noted above, the '791 patent is a divisional of the '656 patent, *see* ECF 7-1 at 77, which is also assigned to VendoNet.  *See* ECF 7-1 at 99.  As such, the assignment of the '656 patent applies to the '791 patent.  *See* MPEP § 306 (8th ed. Rev. 9, Aug. 2012) ("In the case of a division or continuation application, a prior assignment recorded against the original application is applied (effective) to the division or continuation application because the assignment recorded against the original application gives the assignee rights to the subject matter common to both applications."), current version at MPEP § 306 (9th ed. Rev. 10.2019, June 2020) (same).

> USPS/IBM's (PS) use of "Internet vending machines/kiosk[s]" that connect to
> [w]ebsites that display/utilize database information, which dispense physical
> items upon/after payment is VendoNet's contention.  Our additional focus[] is on
> many other claims in our 3 USPTO issued patents, covering over 110 claims.

ECF 5 at 1.  Augmenting their discrimination claim, plaintiffs alleged that USPTO delays
adversely impacted the small, minority-owned business' competitiveness in the marketplace.  *Id.*

In filings dated May 6, and November 19, 2021, plaintiffs again seek leave of the Court
to further supplement their pleadings.  ECF 15, 16.  In sum and substance, plaintiffs reiterate
that the USPTO's delays and discriminatory actions harmed VendoNet's ability to profit in
the "internet gambling vending machines" industry by effectively devaluing their patented
technology.  *See, e.g.*, ECF 15 at 1.  Plaintiffs further allege that the DOJ's 2002 to 2021
regulatory activities, including a 2011 OLC opinion addressing the Wire Act, interfered with
VendoNet's ability to enforce its patents and induced state lotteries to infringe the company's
patents.  *See, e.g.*, ECF 16 at 1-2.  Also pending before the Court is the United States'
February 24, 2020 motion to dismiss plaintiffs' Complaint for lack of subject matter jurisdiction
and failure to state a claim upon which relief can be granted.  ECF 7.

## ANALYSIS

### A.  Plaintiffs' Motions to Supplement Pleadings

Pleadings filed by *pro se* plaintiffs, and the allegations therein, must be construed
liberally.  *See Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) ("*Pro se*
petitioners are not expected to frame issues with the precision of a common law pleading.").
Accordingly, in evaluating the Complaint filed in this case and the accompanying submissions,
the Court construes Mr. Satchell's factual assertions and legal arguments in the most generous
and plausible fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("allegations of [a] *pro se*
complaint . . . [are] h[e]ld to less stringent standards than formal pleadings drafted by lawyers").
To that end, the Court previously granted Mr. Satchell's February 10, 2020 motion to
supplement the allegations in the original Complaint.  To ensure a comprehensive evaluation of
plaintiffs' allegations in deciding the government's dispositive motion, the Court similarly grants
Mr. Satchell's May 6, and November 19, 2021 motions to further supplement pleadings in this
case, the substance of which is summarized above.  *See, e.g.*, *Harrison v. United States*, No. 19-
1785, 2020 WL 1492211, at *2 (Fed. Cl. Mar. 23, 2020) ("In considering Defendant's Motion to
Dismiss, the Court fully reviewed and considered all the arguments and factual allegations
contained in Plaintiff's Motion to Supplement the Record.").

### B.  Defendant's Motion to Dismiss

#### 1.  Lack of Capacity: VendoNet

On September 21, 2010, VendoNet registered in the State of Georgia as a domestic
for-profit corporation with its principal place of business located in Tuskegee, Alabama.
*See* ECF 7-1 at 5.  According to the state registration documents, Mr. Satchell is listed as the

Chief Executive Officer (CEO) and Corporate Secretary; Mr. Asumadu is listed as the Chief Financial Officer (CFO). *Id.* The company was administratively dissolved on December 7, 2016, for failure to comply with annual registration and fee requirements.[5] *See* ECF 13 at 23-24. Under Georgia state law, as of December 8, 2021, VendoNet's demise was complete, and the company is no longer eligible to apply for reinstatement. *See* GA. CODE ANN. § 14-2-1422 (West 2016).

To pursue claims against the United States before this Court, corporations must be represented by counsel. *See* RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or one's immediate family, *but may not represent a corporation*, an entity, or any other person in any proceeding before this court." (emphasis added)). The Court's Rule is strictly enforced without regard to VendoNet's dissolved status. *See Talasila, Inc. v. United States*, 240 F.3d 1064, 1066-67 (Fed. Cir. 2001) (per curiam) (successor-in-interest to a dissolved corporation's claimed assets may not represent those interests *pro se* if, under state law, dissolved corporations continue to exist for a fixed period of time beyond the date of dissolution for the purpose of prosecuting, in the corporation's name, any action or proceeding by the dissolved corporation). At the time this action was filed (*i.e.*, December 26, 2019), under Georgia law, VendoNet continued to exist for the purpose of winding up its business (GA. CODE ANN. § 14-2-1421(c) (West 2019)), and it could have sought reinstatement under Georgia's five-year wind-up period (§ 14-2-1422(a)). Mr. Satchell is not an attorney, *see* ECF 8 at 18, 19-20, and, thus, cannot represent VendoNet in this matter.

Initially, the Court contemplated affording VendoNet an opportunity to retain counsel prior to ruling upon the pending motion to dismiss. Ultimately, however, the Court concluded that such an exercise would be futile. First, as noted above, as of December 8, 2021, VendoNet's demise is complete and the company no longer exists for any purpose. As such, it lacks capacity to litigate this action.[6] *See Gas Pump, Inc. v. Gen. Cinema Beverages of N. Florida, Inc.*, 12 F.3d 181 (11th Cir. 1994) (per curiam) (corporation lacks capacity under Georgia law to initiate federal antitrust action after statutory wind-up period expired). Second, as explained below, Mr. Satchell lacks standing to bring this action in his own right. Third, also explained below, the claims alleged, construed liberally, either lack merit or are beyond the Court's prescribed jurisdiction. Accordingly, dismissal is appropriate. *See, e.g.*, *Buel, Inc. v. United States*, 153 Fed. Cl. 402, 403-04 (2021) ("Where a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution." (citations omitted)).

---

[5] VendoNet previously registered in Georgia as a domestic for-profit corporation with its principal place of business in Tuskegee, Alabama, on December 21, 2000; it was thereafter administratively dissolved effective July 9, 2005. *See* ECF 7-1 at 7-8. In those state registration documents, Mr. Satchell is listed as the CEO and CFO; non-party Patricia Satchell is listed as the Corporate Secretary. *Id.* at 7.

[6] It is unfortunate that the five-year wind-up period expired during the pendency of this action, prior to the Court's resolution of this issue. Nonetheless, Mr. Satchell was placed on actual notice of RCFC 83.1(a)(3) and the need to retain counsel for VendoNet with the December 24, 2020 filing of the United States' motion to dismiss, nearly a year before the expiration of the five-year statutory period. *See* ECF 7 at 13-14.

2.  Lack of Standing: Mr. Satchell

Title 28, United States Code, Section 1498 provides in relevant part:

> Whenever an invention described in and covered by a patent of the United States
> is used or manufactured by or for the United States without license of the owner
> thereof or lawful right to use or manufacture the same, the *owner's* remedy
> shall be by action against the United States in the United States Court of Federal
> Claims for the recovery of his reasonable and entire compensation for such use
> and manufacture.

28 U.S.C. § 1498(a) (emphasis added).  The plain language of the governing statute
makes clear that only patent *owners* have standing to bring infringement actions against
the United States in this Court.  *Cf. Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d
1304, 1309 (Fed. Cir. 2003) ("[I]n order to assert standing for patent infringement, the
plaintiff must demonstrate that it held enforceable title to the patent at the inception of the
lawsuit." (citing cases)).

In this case, as documented above, at all times relevant hereto, ownership in and
title to all the patents at issue were assigned to VendoNet.  These assignments divested
co-inventors Messrs. Satchell and Asumadu of standing to bring this patent infringement
action.  *See Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-68 (Fed. Cir.
2007) (assignment of interest in patent conveys ownership and standing to sue for patent
infringement to the assignee); *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir.
2001) ("If a party lacks title to a patent, that party 'has no standing to bring an
infringement action' under that patent." (quoting *FilmTec Corp. v. Allied–Signal, Inc.*,
939 F.2d 1568, 1571 (Fed. Cir. 1991)).

VendoNet's administrative dissolution does not change the standing analysis.  At the time
the Complaint was filed, under Georgia state law, VendoNet could have sought reinstatement to
pursue the asserted claims of patent infringement as the sole patent owner.  The company also
could have (re)assigned title and ownership back to Messrs. Satchell and/or Asumadu.  Neither
took place.  Nor is there any basis upon which the Court can find that reversion could have or
did occur.  Indeed, the Assignment and Assumption Agreement executed by Messrs. Asumadu
and Satchell on September 28, and October 10, 2010, respectively, does not include a reversion
clause.  *See* Assignment and Assumption Agreement (recorded Oct. 13, 2010) (Reel/Frame:
025126/0742 to 0747), available at https://assignment.uspto.gov/patent/index.html#/patent/
search/resultAbstract?id=RE43656&type=patNum.  It is too late now.  *See Gas Pump, Inc.*,
12 F.3d at 181 (corporation cannot assign claims to sole shareholder after statutory wind-up
period expires).

3.  Lack of Merit: Patent Infringement Claims

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'contain sufficient
factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'"  *Bot M8
LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). To satisfy this standard, a plaintiff must plead facts "'that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* In assessing the motion to dismiss, moreover, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing cases).

In patent cases, more specifically, although "[a] plaintiff is not required to plead infringement on an element-by-element basis," the complaint must present "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1352, 1353. "[R]eciting the claim elements and merely concluding that the accused product has those elements" is not sufficient to state a plausible infringement claim. *Id.* The complaint must contain sufficient facts to "place the 'potential infringer . . . on notice of what activity . . . is being accused of infringement.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *K-Tech Telecomm. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

The Complaint filed in this case does not satisfy these basic pleading requirements. In sum and substance, Mr. Satchell takes issue with an unspecified multimillion dollar USPS contract presumably awarded to IBM involving vending machines/kiosks that somehow infringe one or more of the VendoNet patents. Mr. Satchell further alleges that other government agencies (federal and state) somehow infringe the VendoNet patents in the areas of public transportation and lotteries. These generic allegations are devoid of the necessary specificity regarding the identification of the asserted patent claims and the infringing products, let alone how the unspecified products purportedly infringe the VendoNet patents. At bottom, the Complaint fails to provide the government fair notice of what the infringement claims are and the grounds upon which they rest.

#### 4.  Lack of Subject Matter Jurisdiction: Discrimination, Tort, and APA Claims

The remaining allegations in the Complaint are outside the Court's jurisdiction and, accordingly, must be dismissed. First, Mr. Satchell generally alleges that the United States discriminated against him and VendoNet as a small, minority-owned business. Such claims do not have the requisite nexus to a money-mandating statute and, thus, fall outside of this Court's jurisdiction. *See Snowton v. United States*, 216 F.App'x 981, 983 (Fed. Cir. 2007) ("The Due Process and Equal Protection clauses do not create [] a right [to money damages] and therefore claimed violations of these clauses do not fall within the jurisdiction of the Court of Federal Claims."); *Johnson v. United States*, 135 Fed. Cl. 565, 575 (2017) (civil rights claims fall within the exclusive jurisdictional province of federal district courts).

Next, Mr. Satchell alleges that the USPTO engaged in a pattern of delays, irregularities, and fraud in examining the VendoNet patents, and thereafter denied patent term extensions and listed inaccurate patent information. Relatedly, Mr. Satchell further claims that the 2011 OLC opinion on the Wire Act interfered with VendoNet's patent enforcement and licensing abilities. These claims either sound in tort or constitute Administrative Procedure Act (APA) challenges. Under either interpretation, jurisdiction lies exclusively in federal district court. *See*

*Zainulabeddin v. United States*, 138 Fed. Cl. 492, 504-05 (2018) ("Claims of fraud, conspiracy, harassment, breach of fiduciary duty, and negligence sound in tort . . . . [U]nder the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, jurisdiction over tort claims against the United States lies exclusively in federal district courts." (citing cases)); *id.* at 506-07 (review of federal agency actions under the APA, a non-money-mandating statute, lies exclusively in federal district courts).

Mr. Satchell's efforts to challenge the 2011 OLC opinion is further complicated by the fact that the validity of the 2011 OLC opinion was conclusively resolved by the United States Court of Appeals for the First Circuit. *See Whether Proposals by Illinois and New York to Use the Internet and Out-of-State Transaction Processors to Sell Lottery Tickets to In-State Adults Violate the Wire Act*, 35 Op. O.L.C. 134 (2011) (online sales of state lottery tickets not covered by Wire Act), *rev'd, Reconsidering Whether the Wire Act Applies to Non-Sports Gambling*, 42 Op. O.L.C. __, 2018 WL 7080165 (Nov. 2, 2018), *set aside, New Hampshire Lottery Comm'n v. Barr*, 386 F.Supp.3d 132 (D.N.H. 2019), *aff'd in part, vacated in part sub nom. New Hampshire Lottery Comm'n v. Rosen*, 986 F.3d 38 (1st Cir. 2021). That decision is not subject to collateral attack in this Court. *See Zainulabeddin*, 138 Fed. Cl. at 509 (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

## CONCLUSION

For the reasons stated above, plaintiffs' motions to further supplement their pleadings (ECF Nos. 15 and 16) are **GRANTED** and defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (ECF No. 7) is **GRANTED**. The Clerk is directed to **ENTER** judgment accordingly. No costs.

**IT IS SO ORDERED**.

Armando O. Bonilla
Judge